IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| AMIR CRUZ-WEST | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | No. 17-1262 |
| | : | |
| SUPERINTENDENT, SCI FAYETTE, et al. | : | |
| | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                          **March 3, 2020**

Petitioner Amir Cruz-West seeks relief from his state custodial sentence pursuant to 28 U.S.C. § 2254. United States Magistrate Judge David R. Strawbridge issued a Report & Recommendation (R&R) recommending Cruz-West be denied relief because his claims are procedurally defaulted and meritless. Cruz-West now objects to the R&R's recommendation. Because the Court finds no error in the R&R's analysis and Cruz-West's objections meritless, the Court will overrule the objections, approve and adopt the R&R, and deny Cruz-West's Petition.

**BACKGROUND**

On January 31, 2008, Troy Jennings and Marcellus Johnson were shot and killed in Philadelphia, Pennsylvania. Cruz-West was arrested for the murders, and charged with two counts of first-degree murder and one count of possessing an instrument of a crime. Following a jury trial in the Philadelphia County Court of Common Pleas, Cruz-West was found guilty on all charges. He was sentenced to an aggregate term of life imprisonment. Cruz-West's convictions were upheld on direct appeal by the Pennsylvania Superior Court. The Pennsylvania Supreme Court denied Cruz-West's petition for allowance of appeal.

On April 16, 2013, Cruz-West sought collateral relief pursuant to Pennsylvania's Post-Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9501, et seq. Counsel was appointed to represent Cruz-West. On January 23, 2015, Cruz-West's counsel sought permission to withdraw, finding no

merit in Cruz-West's claims. On March 15, 2015, Cruz-West's counsel was permitted to withdraw and the PCRA petition was dismissed. The Superior Court affirmed the dismissal of the PCRA petition, and the Supreme Court again denied Cruz-West's petition for allowance of appeal.

On March 21, 2017, Cruz-West filed the instant Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. The petition asserts two grounds (with several sub-grounds) for habeas relief—(1) ineffective assistance of trial counsel for failing to challenge and request certain jury instructions, and (2) ineffective assistance of trial counsel for failing to object to comments the prosecutor made in his closing arguments. On January 9, 2020, Judge Strawbridge issued the R&R, which recommends Cruz-West's petition be denied with prejudice and dismissed without an evidentiary hearing because it raises procedurally defaulted and meritless claims. On February 20, 2019, Cruz-West filed objections to the R&R pursuant to 28 U.S.C. § 636(b)(1).

**DISCUSSION**

Because the Court finds no error in the R&R's analysis and Cruz-West's objections meritless, the Court will overrule Cruz-West's objections. The Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Cruz-West's objections are duplicative of the arguments he raised in his habeas petition and briefing. In the R&R, Judge Strawbridge gave careful and thorough consideration to each of Cruz-West's claims and sub-claims. After de novo review of the record, the R&R, and Cruz-West's objections, the Court finds no error in the R&R's analysis of Cruz-West's claims. The Court will therefore overrule Cruz-West's objections for the reasons stated in the R&R. The Court will, however, briefly address Cruz-West's argument that trial counsel was ineffective for failing to request a "prior acts of violence" instruction pursuant to *Commonwealth v. Fisher*, 493 A.2d 719 (Pa. Super. Ct. 1985).

In Ground 1.C of the petition, Cruz-West argues his trial counsel was ineffective for failing to request that the jury be instructed to consider Jennings's prior acts of violence toward Cruz-West in assessing his self-defense claim. At trial, Cruz-West testified that he and Jennings got into a physical altercation that ended with Jennings brandishing a shotgun and threatening to shoot him if he ever returned to Jennings's neighborhood. *See* Trial Tr. vol. 4, 11-14, Jan. 19, 2010. Cruz-West contends that, in the absence of a prior acts of violence instruction, the jury could not adequately evaluate the effect of Jennings's prior violent acts toward him. Cruz-West objects to the R&R's finding that counsel's failure to request a prior acts of violence instruction was not deficient performance.[1]

In support, Cruz-West relies on *Commonwealth v. Fisher*. In *Fisher*, the Superior Court found trial counsel ineffective for failing to request a prior acts of violence instruction where the defendant raised a self-defense argument and introduced evidence that the victim had beaten the defendant on two separate occasions. *See* 493 A.2d at 723. The Superior Court determined a prior acts of violence instruction was necessary because it would not be readily apparent to the jury that the victim's use of non-deadly force could be considered in assessing the defendant's self-defense claim. *See id.* at 724. Cruz-West's reliance on *Fisher* is misplaced and trial counsel's performance was not deficient for failing to request a prior acts of violence instruction.

A prior acts of violence instruction is not necessary where the victim previously threatened the defendant with deadly force. *See Commonwealth v. Watley*, 699 A.2d 1240, 1245 (Pa. 1997). In

---

[1] As the R&R notes, and Cruz-West does not contest, because this claim was not raised on direct or collateral review, Cruz-West must satisfy the tests set forth in *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Strickland v. Washington*, 466 U.S. 668 (1984) to succeed. Cruz-West's objections do not specifically address the elements of the *Martinez* and *Strickland* ineffectiveness tests. Rather, the objections only focus on "the merits of the ineffectiveness claims." Objs. 8. Accordingly, the Court limits its analysis to discussing the merits of this claim, i.e., whether trial counsel's performance was deficient, and will not discuss the individual elements of the *Martinez* and *Strickland* tests.

3

*Watley*, the Pennsylvania Supreme Court held that *Fisher* does not require a court to give a prior acts of violence instruction in every instance. *See id.* Rather, a court must consider the "factual circumstances in which the self-defense claim arises" to determine whether a prior acts of violence instruction is warranted. *Id.* The Pennsylvania Supreme Court determined in *Watley* that a prior acts instruction was not warranted where the victim had previously threatened to kill the defendant and allegedly fired shots at him. *See id.* at 1242. The court stated that, in this context, the jury did not need any further explanation from the trial court because the defendant's testimony, if believed, was enough to support his belief that he was in serious danger of bodily harm. *See id.* at 1245.

Like *Watley*, a prior acts of violence instruction was not warranted here because Jennings previously threatened Cruz-West with deadly force. Cruz-West testified that he and Jennings got into a physical altercation that ended with Jennings brandishing a shotgun and threatening to shoot him if he ever returned to Jennings's neighborhood. *See* Trial Tr. vol. 4, 11-14, Jan. 19, 2010. Unlike *Fisher*, the alleged prior acts of violence were not mere uses of non-deadly force. Rather, Jennings directly threatened deadly force against Cruz-West by brandishing a shotgun and threatening to kill him. Thus, like *Watley*, Cruz-West's testimony in this instance, if believed, was sufficient to demonstrate his reasonable belief that he was in serious danger of bodily harm from Jennings without further explanation from the court.[2] Accordingly, a prior acts of violence instruction was not warranted and trial counsel's performance was not deficient for failing to request one. *See Watley*, 699 A.2d at 1245; *Commonwealth v. Jackson*, 1601 EDA 2012, 2013 WL 11276895, at *6 (Pa. Super. Ct. Feb. 26, 2013) (finding counsel was not ineffective where the defendant testified he

---

[2] Cruz-West also testified that Jennings shot at the car of his sister's best-friend's boyfriend. Trial Tr. vol. 4, 17-18, Jan. 19, 2010. To the extent it is relevant to Cruz-West's self-defense claim, it is also a use of deadly force that does not require further explanation from the Court.

4

feared for his life when the victim previously threatened him with a firearm). Cruz-West's reliance on *Fisher* is therefore misplaced, and this objection is meritless.

**CONCLUSION**

In sum, because the Court finds no error in the R&R's analysis and his objections meritless, the Court will overrule the objections, approve and adopt the R&R, and deny Cruz-West's Petition.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.